NOT DESIGNATED FOR PUBLICATION

No. 121,471

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

DESTINY D. PLOWMAN,
*Appellee*,

and

CASEY L. PLOWMAN,
*Appellant.*

MEMORANDUM OPINION

Appeal from Stevens District Court; BRADLEY E. AMBROSIER, judge. Opinion filed April 24, 2020. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

No appearance by appellee.

Before HILL, P.J., BUSER and BRUNS, JJ.

PER CURIAM: Casey (Father) and Destiny (Mother) Plowman divorced in 2018. In 2019, the district court granted Mother primary residency of their daughter, J.P. Father appeals and contests the residency ruling.

Our standard of review provides that the paramount consideration in making these decisions is the child's welfare and best interests. In light of the district court's unique vantage point of what is often an emotionally charged situation, an appellate court generally will not overturn these decisions unless the district court abused its discretion.

See *Cheney v. Poore*, 301 Kan. 120, 128, 339 P.3d 1220 (2014); see also *Frazier v. Goudschaal*, 296 Kan. 730, 755, 295 P.3d 542 (2013) (co-parenting agreement). Discretion may be abused in three ways: (1) when the ruling is based on an error of law, (2) when the ruling is based on an error of fact, or (3) the ruling was arbitrary, fanciful, or unreasonable. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015).

Challenges to specific factual findings in support of these determinations are reviewed to assure that they are supported by substantial competent evidence and that they support the court's legal conclusions. See *In re Marriage of Vandenberg*, 43 Kan. App. 2d 697, 704, 229 P.3d 1187 (2010). This court may not reweigh evidence, pass on witness credibility, or redetermine questions of fact. 43 Kan. App. 2d at 705.

We have carefully read the record on appeal. We have also considered Father's appellate arguments in light of the detailed findings of fact and conclusions of law made by Judge Bradley E. Ambrosier in his 16-page journal entry memorializing his ruling. Based upon our review, we determine that no reversible error of law appears in the district court's awarding Mother the primary residency of J.P.

Accordingly, the district court's ruling is affirmed under Supreme Court Rule 7.042(b)(2), (3), (5) and (6) (2019 Kan. S. Ct. R. 48).